UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

MOHAMMED KENCHI,                                    :

               Plaintiff,                   :        <u>ORDER TRANSFERRING CASE</u>

        -against-                   :        26 Civ. 1414 (AT)(GWG)

COMMISSIONER OF SOCIAL SECURITY,      :

            Defendant.                   :
------------------------------------------------------------------x

GABRIEL W. GORENSTEIN, United States Magistrate Judge

      The Commissioner of Social Security has moved to dismiss this Social Security action on statute of limitations and venue grounds.   <u>See</u> Docket # 11.   In the alternative, he has moved to transfer this case to the Eastern District of New York, where venue is proper.   <u>See</u> Docket # 12 at 1.

      On the issue of venue, 42 U.S.C. § 405(g) provides in relevant part that an action for judicial review under the Social Security Act, such as this one, "shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business."

      The complaint in this case reflects that the plaintiff's residence is in Staten Island.   <u>See</u> Docket # 1 at 3.   Staten Island is coextensive with Richmond County, which is part of the Eastern District of New York.   <u>See</u> 28 U.S.C. § 112(c).

      The complaint also contains a conclusory allegation that plaintiff "has a principal place of business in the county of NY, NY and the State of NY, NY," Docket # 1 at 1, but that business is not identified, and no address is given for it.

      In an Order dated May 19, 2026 (Docket # 16), the Court instructed plaintiff — if he was contesting transfer to the Eastern District of New York — to file a sworn statement that included a description and the address of any business he operated.   See Docket # 16 at 1.   The Order required that plaintiff file his response no later than June 12, 2026.   <u>Id.</u> at 2.   Plaintiff never complied with the Order by filing such a statement or, as permitted by the Order, by stating that he consented to transfer of this case to the Eastern District of New York.

      In light of the allegation as to plaintiff's residence and the lack of any competent proof that plaintiff has a principal place of business in the Southern District of New York, venue is improper in this District.   28 U.S.C. § 1406(a) provides that a "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the

interest of justice, transfer such case to any district or division in which it could have been brought."   Accord Adams v. Barnhart, 2003 WL 21912543, at *1 (S.D.N.Y. Aug. 8, 2003).

We do not believe it would be in the interest of justice to dismiss this case rather than transfer it to the proper court.   Because plaintiff's residence is in the Eastern District of New York and plaintiff has failed to provide any evidence that he has a principal place of business in this District, the Clerk is directed to transfer this case to the Eastern District of New York pursuant to 28 U.S.C. § 1406(a).[1]

SO ORDERED.

Dated: June 29, 2026
        New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

[1] "A motion to transfer venue . . . is a non-dispositive motion that can be determined by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a) . . . ."   UFCW Loc. 1500 Welfare Fund v. Takeda Pharm. USA, Inc., 2026 WL 1146002, at *4 n.2 (S.D.N.Y. Apr. 28, 2026).